# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 10, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHELLE ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0142** (BOR Appeal No. 2047614)
                    (Claim No. 2009089707)

**LOGAN COUNTY EMERGENCY AMBULANCE SERVICE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michelle Adkins, by Wendle D. Cook, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan County Emergency Ambulance Service, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed an August 20, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 28, 2011, decision denying authorization for chiropractic treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Adkins worked for Logan County Emergency Ambulance Service as an emergency medical technician. On April 27, 2009, she fell down a flight of stairs while trying to carry a patient from his home. She received several injuries, and her claim was held compensable for an intervertebral disc without myelopathy, a neck sprain, a lumbar sprain, and a thoracic sprain. Ms. Adkins began receiving chiropractic care from Cliff D. Hill, D.C., immediately following the injury. She then came under the care of Panos Ignatiadis, M.D., who performed an anterior discectomy and fusion surgery to repair the damage to her neck. Following the surgery, Robert

1

Walker, M.D., performed an independent medical evaluation and determined that Ms. Adkins had reached her maximum degree of medical improvement. Dr. Ignatiadis then requested authorization for additional chiropractic treatment from Dr. Hill. The claims administrator granted her authorization for twelve chiropractic visits over the next twelve weeks. Two months later, Dr. Ignatiadis again requested authorization for additional visits with Dr. Hill. Rebecca Thaxton, M.D., reviewed Dr. Ignatiadis's request and found that the requested chiropractic visits should not be authorized. Dr. Thaxton determined that Ms. Adkins had already received sixty-four chiropractic visits related to the compensable injury, and she opined that any additional visits would not be necessary. On October 28, 2011, the claims administrator denied Dr. Ignatiadis's request for additional chiropractic visits. Michael R. Condaras, D.C., also reviewed the request. He found that Ms. Adkins's condition had remained essentially stable for the last three months despite continued chiropractic treatment, and he opined that any additional treatment would not improve her condition. On August 20, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on January 18, 2013, leading Ms. Adkins to appeal.

The Office of Judges concluded that the evidence in the record did not support authorizing the requested additional chiropractic treatment with Dr. Hill. The Office of Judges noted that Ms. Adkins had received over sixty separate chiropractic visits with Dr. Hill and determined that any additional visits would exceed the treatment guidelines provided under West Virginia Code of State Rules § 85-20-46 (2006). The Office of Judges further determined that Ms. Adkins's treating physicians, Dr. Ignatiadis and Dr. Hill, did not provide sufficient documentation to justify authorizing treatment in excess of these guidelines. Finally, the Office of Judges found it particularly compelling that Dr. Condaras, a chiropractor, believed that the requested additional treatment would not improve Ms. Adkins's condition. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Adkins has not demonstrated that the requested chiropractic treatment with Dr. Hill is medically related and reasonably required to treat her compensable injury. Ms. Adkins has received over sixty chiropractic visits, including several visits after Dr. Walker determined that she had reached her maximum degree of medical improvement. Any additional chiropractic treatment would clearly exceed the provision of West Virginia Code of State Rules § 85-20-46.7 (2006), which permits a maximum of twelve separate treatments within fourteen months of the date of injury. The evidence in the record does not indicate that this is an extraordinary case in which additional chiropractic treatment outside these limitations would be justified. Instead, the evidence supports the opinion of Dr. Condaras that the requested treatment is not likely to improve Ms. Adkins's condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:   June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II